UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BOBBY LEE WADE, | ) |
|        Plaintiff, | ) |
| v. | ) CAUSE NO. 3:12-CV-554 WL |
| MS. CLARK, *et al.*, | ) |
|        Defendants. | ) |

OPINION AND ORDER

Bobby Lee Wade, a *pro se* prisoner, filed a complaint pursuant to 28 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartly pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

First, Mr. Wade alleges that he "was eating a brownie and bit into a screw breaking my tooth." ECF 1 at 4.

> Ms. Clark and Ms. Henderson were making brownies when the mixing machine broke and it was determined by them that a screw had broken off. Ms. Henderson, Ms. Clark, and some of their workers searched for the missing screw, but didn't find it. Rather than throwing out the brownie mix, Ms. Henderson and Ms. Clark continue to make brownies and then served them causing me to break my tooth.

*Id.* Mr. Wade argues that serving the brownies without having found the screw exposed him to an unreasonable risk of harm.

"To state a claim premised on prison officials' failure to protect him from harm, [the plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Id.* (quotation marks and citations omitted). This is not such a risk. Rather, this "is the type of risk many encounter voluntarily," *id.*, when they eat in cafeterias in schools, hospitals, museums, and elsewhere. Indeed, this is a risk that we all take when

2

we consume industrially produced food. Though regrettable, such food is always at risk of contamination because it is produced "in less-than-perfect . . .conditions." *Id.*

Moreover, the allegations here do not indicate that either Ms. Clark or Ms. Henderson were deliberately indifferent.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Such is not the case here. Mr. Wade alleges that they searched for the missing screw, but could not find it. They did not know that it was in the brownie batter. Indeed, it could well have rolled across the floor and under some other piece of equipment.

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Therefore Mr. Wade does not state a claim against Ms. Clark or Ms. Henderson.

Next, Mr. Wade alleges that he has not received medical treatment for his tooth in the two years since it was broken. Though he states that he saw a dentist on one occasion who diagnosed him as needing treatment, "I was never called to have my tooth repaired." ECF 1 at 5. He alleges that Ms. Cummings, "is the medical director who was notified of this incident and failed to provide

appropriate medical treatment which shows a deliberate indifference to serious medical need." Id. A medical need is serious if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Though the complaint is somewhat vague, Mr. Wade has adequately alleged that Ms. Cummings was deliberately indifferent to his need for dental treatment for his broken tooth. Therefore he will be granted leave to proceed on this claim for injunctive relief as well as monetary and punitive damages.

For the foregoing reasons, the court:

(1) **GRANTS** Bobby Lee Wade leave to proceed against Karen Cummings in her individual capacity for monetary and punitive damages for denying him dental treatment for his broken tooth in violation of the Eighth Amendment;

(2) **GRANTS** Bobby Lee Wade leave to proceed against Karen Cummings in her official capacity for injunctive relief to obtain dental treatment for his broken tooth;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Ms. Clark and Deanna Henderson;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Karen Cummings to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Karen Cummings; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Karen Cummings respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: October 5, 2012

                                                      s/William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court